UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

TONCAR SRL,

        Plaintiff,

        – against –

EMO TRANS CALIFORNIA, INC.,

        Defendant.

----------------------------------------X

ORDER ADOPTING REPORT
AND RECOMMENDATION
11-CV-6096(JFB)(GRB)

**FILED**
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y.
★ APR 27 2012 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

On December 15, 2011, this case was removed from state court.

On April 3, 2012, Magistrate Judge Brown issued a Report and Recommendation recommending "the *sua sponte* remand of this dispute, which was removed from Nassau County Supreme Court, to that court based on a lack of subject matter jurisdiction." (Report and Recommendation, at 1.) The Report and Recommendation states that "[a]ny objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days," and that "[f]ailure to file objections within this period waives the right to appeal the District Court's order." (*Id.* at 5.) To date, although the deadline for objections has expired, no objections have been filed.

When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Where clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). However, because the failure to file timely objections is not jurisdictional, the district judge can still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas v. Arn*, 474 U.S. at 155)).

Although no objections have been filed and thus *de novo* review is not required, the Court has conducted a *de novo* review of the Report and Recommendation in an abundance of caution and HEREBY ADOPTS the well-reasoned and thorough Report and Recommendation in its entirety.

IT IS ORDERED that the defendant's motion to dismiss plaintiff's complaint is granted,

recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Where clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). However, because the failure to file timely objections is not jurisdictional, the district judge can still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas v. Arn*, 474 U.S. at 155)).

Although no objections have been filed and thus *de novo* review is not required, the Court has conducted a *de novo* review of the Report and Recommendation in an abundance of caution and HEREBY ADOPTS the well-reasoned and thorough Report and Recommendation in its entirety.

IT IS ORDERED that the defendant's motion to dismiss plaintiff's complaint is granted,

for the reasons articulated by Magistrate Judge Brown. This case is remanded to New York State Supreme Court, County of Nassau. The Clerk of the Court shall enter judgment accordingly and close this case.

SO ORDERED.

_____
JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated:     April 27, 2012
           Central Islip, NY